IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00071-REB-MEH

RAYMOND H. ARMSTRONG,

    Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,

    Defendant.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Unopposed Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Whether to Transfer Action to the Northern District of California for Coordinated Pretrial Proceedings ("Motion") [filed February 24, 2016; docket #17]. The Motion has been referred to this Court for disposition [docket #18]. For the reasons that follow, Defendant's motion is **granted**.

    Plaintiff initiated this *pro se* action on January 12, 2016, alleging generally that Defendant sold Plaintiff a vehicle that has been found to have serious defects relating to Defendant's alleged installation of devices to bypass and defeat the vehicle's emission control systems. *See generally* Complaint, docket #1. Defendant filed the present Motion, explaining that more than 650 such actions have been filed in federal district courts nationwide. Motion, docket #17 at 1. As a result, on December 8, 2015, the JPML held that all related actions would be centralized and transferred to the Northern District of California. *Id*. Defendant further explains that on January 27, 2016, the JPML conditionally transferred the case before this Court to the MDL. *Id*. at 2. Plaintiff objected to that transfer, resulting in the JPML staying the conditional transfer order pending its consideration

of Plaintiff's objection. *Id.* Defendant notes: "Given that [Plaintiff's] objection is based solely on his preference to proceed on an individual basis, [Defendant] anticipates that his objection will be overruled and this action will soon be transferred to the Northern District of California." *Id.* Thus, Defendant seeks, and Plaintiff does not oppose, a stay in this action while the JPML determines whether to transfer this case. *Id.*

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *Lundy*, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (C.D. Cal 1998).

The Court first considers whether the interests of the parties would be served by a stay. *See String Cheese*, 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). Here, Plaintiff does not oppose Defendant's Motion and sees the economy in awaiting the pending JPML decision before moving forward in this Court. The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. The Court further finds that granting the stay will promote judicial economy and efficiency. *See Lundy*, 2009 WL 1965521, at *1-2 (concluding judicial economy is "best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp., Inc.*, No. 08-cv-02439-CMA-KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008) (reasoning stay pending transfer to MDL appropriate because judicial economy is best served by

case being considered as part of the MDL; *Franklin v. Merck & Co., Inc.*, No. 06-cv-02164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and help insure consistent pretrial rulings").

Like in *Lundy*, *Lilak*, and *Franklin*, here the MDL Panel has already determined that a consolidated MDL proceeding is warranted for this action, greatly increasing the likelihood that Plaintiff's case will be transferred. The Court furthermore agrees that awaiting a ruling from the MDL panel will conserve judicial resources and avoid the issuance of ruling on discovery and substantive motions inconsistent with those of other federal courts. The Court also does not find that this case triggers a compelling nonparty or public interest that requires a different result. Additionally, as this Motion is unopposed, both parties agree with the wisdom of staying the litigation of this action in this Court until the JPML makes its decision on this case.

Accordingly, Defendant's Unopposed Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation on Whether to Transfer Action to the Northern District of California for Coordinated Pretrial Proceedings [filed February 24, 2016; docket #17] is **granted**. Defendant is further **ordered** to file a Status Report with the Court on the fifteenth day of each month to update the Court on this action.

Dated this 25th day of February, 2016, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge